the crime as a witness. The testimony abundantly meets the requirements of the law in the matter of corroboration of this witness. Finding no error in the record, the judgment will be affirmed.

---

**1**

George VALLEJO v. STATE. (No. 9197.) (Court of Criminal Appeals of Texas. June 17, 1925.) Appeal from Criminal District Court, Cameron County; A. W. Cunningham, Judge. A. L. Lewis, of Harlingen, for appellant. Tom Garrard, State's Atty., and 'Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for transporting intoxicating liquor. Punishment, two years in the penitentiary. Appellant and two other parties were jointly indicted. A severance was granted. When appellant's case was called, he entered a plea of guilty. The statement of facts appear to have been filed too late to be considered. However, it had been examined before the delayed filing was noticed. Nothing appears therein which would authorize disturbing the verdict. The judgment is affirmed.

---

**2**

Bouchie WALLACE v. STATE. (No. 9559.) (Court of Criminal Appeals of Texas. June 17, 1925.) Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge. Roger Lewis, of Dallas, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The conviction is for theft; punishment fixed at confinement in the penitentiary for a period of 10 years. At the request of the appellant, duly verified by his written affidavit, the appeal is dismissed.

---

**3**

Bouchie WALLACE v. STATE.. (No. 9560.) (Court of Criminal Appeals of Texas. June 17, 1925.) Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge. Roger Lewis, of Dallas, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for' burglary. Punishment, two years in the penitentiary. Appellant has filed his affidavit in this court, apprising us that he desires to withdraw his appeal. Conforming to this request, the appeal is ordered dismissed.

---

**4**

CAMERON COUNTY, Plaintiff in Error, v. J. E. WUERSTEN, Defendant in Error. (No. 7382.) (Court of Civil Appeals of Texas. San Antonio. June 10, 1925. Rehearing Denied June 26, 1925.) Error from Cameron County Court; Oscar C. Dancy, Judge. Spears & Montgomery, of San Benito, for plaintiff in error. T. A. Kinder and H. L. Yates, both of Brownsville, for defendant in error.

FLY, C. J. The commissioners' court of Cameron county, after fully complying with all the requirements of the law as to condemnation of land for a public road, ordered that the road described by metes and bounds be established, and that the value of the land taken from defendant in error by the court be deposited with the county treasurer to the credit of defendant in error, and it was ordered that a second-class road be opened and worked. From that order an appeal to the county court was prosecuted. Upon the verdict of a jury, judgment was rendered in the county court, that defendant in error recover from plaintiff in error $168. The jury found in answer to special issues that $5\%_{100}$ of an acre of land belonging to defendant in error was appropriated by plaintiff in error and that it was of the value of $168. There was no testimony to show that a road had been established along the drainage ditch on the land now owned by plaintiff in error. It was proved that a road ran·along and on the land, but showed no right in plaintiff in error to its use. The evidence was ample to sustain the verdict of the jury. The judgment is affirmed.

---

**5**

Joe CARROLL v. W. N. GREEN. (No. 1265.) (Court of Civil Appeals of Texas. Beaumont. June 15, 1925. Rehearing Denied June 24, 1925.) Appeal from District Court, Henderson County; Ben F. Dent, Judge. Miller & Miller, of Athens, for appellant. W. J. Garrett, of Athens, for appellee.

WALKER, J. This was a suit by appellee to foreclose a vendor's lien note in the sum of $650, stipulating for interest at the rate of 10 per cent. per annum, and for 10 per cent. attorney's fees. Appellant's only defense and the only assignment on this appeal was that appellee had charged him usurious interest. The facts showed that all the payments made by appellant were in .small sums endorsed on the back of his note, and the jury found that these payments amounted only to the sum of $207.25. Appellant does not controvert this finding of the jury, nor does he show by his statement that any interest was paid. The only showing is that he made these small payments from time to time after the note was executed and delivered. On the verdict of the jury, judgment was rendered in favor of appellee against appellant for $530, as being the principal and interest due. Appellant has made no showing that this sum as found by the court is erroneous. All that we see in this case is partial payments made upon a note during a series of years, and a calculation by the court of the balance due after allowing only the proper credit for such payments. The judgment of the' trial court is in all things affirmed.

---

**6**

R. J. DECKER et al. v. Ben F. ARNIN. (No. 8684.) (Court of Civil Appeals of Texas. Galveston. April 9, 1925.) Appeal from District Court, Galveston County; Robt. G. Street, Judge.

GRAVES, J. This cause was taken on submission without our attention being called to the fact that neither a statement of facts nor briefs for either side have been filed in this court; if it had been, there would probably have been a dismissal of it. The transcript,